## BELL v BELL

Ohio Appeals, 2nd Dist, Franklin Co

No 2507. Decided Dec 20, 1934

Knepper, White, Smith & Dempsey, Columbus, for plaintiff in error.

E. O. Ricketts, Columbus, and Joy H. Hunt, Columbus, for defendant in error.

## OPINION

**By KUNKLE, J.**

Many authorities are cited in the brief of counsel for defendant in error to the effect that a judgment of the lower court awarding alimony in a prescribed sum constitutes a finding that the defendant in such case is able to pay the same. This is a correct statement of the law but it relates to the situation as it existed when the court made such finding.

The finding in question was made in 1926 and contemplated weekly payments.

This proceeding in contempt was had and the judgment in question was rendered upon the situation as it existed October 1st, 1934.

We must deal with the situation as disclosed by the bill of exceptions which contains a transcript of the evidence submitted to the trial court which resulted in the judgment now under review.

Without quoting from the authorities cited in detail, we think the rule is well established in Ohio that a person may not be found guilty of contempt for failure to pay alimony if he is unable so to do, nor can he be found guilty of contempt unless the trial court finds that he was guilty of the omission to do some act which he could perform.

We have read the testimony in this case with care and upon a consideration thereof can not escape the conclusion that the testimony clearly shows that plaintiff in error could not comply with the order of the court and make the payment required to purge himself of contempt.

We do not mean to hold that plaintiff in error has made an honest effort at all times to pay something upon the alimony ordered, but it is apparent from the record that he is unable to purge himself of contempt by paying the amount which the trial court ordered paid as a condition for his purging himself of contempt.

The opinion of the trial court is made part of the bill of exceptions and on page 43 of the record, the following appears:

MR. RICKETTS: We are willing to make the effort, but the only order here the court feels that he can make is finding him guilty and ordering him committed to the county jail until he purges himself, or otherwise discharged by law.

MR. WHITE: Certainly the court does not require him to pay the full amount of the arrearage?

COURT: There is no evidence, of course, that he has this much money or anything like it.

MR. RICKETTS: It is a question of whether he can get it. He may be able to get it.

COURT: As I said, it is a very flagrant violation of the court order. And the court cannot be too lenient in a matter of this kind.

The evidence clearly discloses that the plaintiff in error has no property out of which this sum can be realized, and as the trial court stated, "There isn't any evidence, of course, that he has this much money or anything like it."

Under the facts disclosed by this record the sentence imposed simply results as some of the authorities state, in imprisoning plaintiff in error for debt. There is no suggestion in the record that the plaintiff in error is able to get this money from any other source.

From a consideration of this record we can not escape the conclusion that the judgment of the lower court is contrary to law and the same must be reversed, plaintiff in error discharged and cause remanded

to the lower court for such further proceedings as may be authorized by law.

Judgment reversed.

HORNBECK, PJ, and BARNES, J, concur.